UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JESSE L. LUCIO,<br><br>    Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>    Defendants. | Case No. 2:22-cv-01088-CDS-EJY<br><br>**ORDER**<br><br>and<br><br>**REPORT AND RECOMMENDATION** |

Pending before the Court is Plaintiff Jesse L. Lucio's application to proceed *in forma pauperis* ("IFP") and Petition to Challenge Senate Bill No. 182. ECF Nos. 1, 1-1. A review of these documents shows Lucio's application to proceed IFP will be denied as moot and his Petition should be dismissed with prejudice.

**I.      Legal Standard**

The court must review a pro se prisoner filing to determine whether the complaint is frivolous, malicious, fails to state a claim upon which the court may grant relief, or if the complaint seeks damages against a defendant who is immune from that relief. 28 U.S.C. § 1915(e)(2)(B). In addition, under Federal Rule of Civil Procedure 8(a) a complaint must contain in "a short and plain statement … showing that the [plaintiff] is entitled to relief." The Supreme Court's decision in *Ashcroft v. Iqbal* states that to satisfy Rule 8's requirements, a complaint's allegations must cross "the line from conceivable to plausible." 556 U.S. 662, 680 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 547, (2007)).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal based on failure to state a claim upon which relief may be granted. A complaint should be dismissed under Rule 12(b)(6) "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claims that would entitle him to relief." *Buckey v. Los Angeles*, 968 F.2d 791, 794 (9th Cir. 1992). "[A] pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle*

*v. Gamble*, 429 U.S. 97, 106 (1976)). Prior to entering a pre-filing order, the court must give the litigant notice and an opportunity to be heard. *De Long v. Hennessey*, 912 F.2d 1144, 1147 (9th Cir. 1990). The court must set forth an adequate record for review and make "substantive findings about the frivolous or harassing nature of the plaintiff's litigation." *Id*.

**II.     Discussion**

Lucio, currently incarcerated in the Nevada Department of Corrections, filed his Petition to Challenge Senate Bill No. 182 naming the State of Nevada as Defendant. ECF 1-1 at 1. He alleges that "Senate Bill No. 182" created the Statute Revision Commission (the "Commission") in 1951, which was unconstitutional.[1] *Id.* Lucio asserts that his constitutional rights were violated when the Commission violated procedural due process, substantive due process, the judicial code of conduct, and the Equal Protection Clause of the Fourteenth Amendments. *Id.* Lucio seeks (1) to vacate his sentence, (2) have Senate Bill No. 182 removed so that it has no more effect on anyone, (3) remove any work derived from SB 182, and (4) pay at the "prevailing wage for every hour" he worked during the 14 1/2 years he has been incarcerated. ECF 1-1 at 10.

    a.     <u>Lucio's Petition Must be Brought Through a Habeas Petition</u>.

As stated, Lucio requests that his sentence be vacated. *Id.* Lucio cannot bring this claim under 42 U.S.C. § 1983. In order to obtain this relief, Lucio must prove that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). Lucio's assertion that his conviction should be vacated because of the alleged unconstitutional creation of the Commission codified by Senate Bill No. 182 is improperly brought under § 1983. Stated simply, Lucio cannot challenge "the fact or duration of his confinement" in a § 1983 claim. *Wilkinson v. Dotson,* 544 U.S. 74, 78 (2005). Lucio must file a habeas corpus petition and a new IFP application. Lucio may not file a petition for habeas corpus in this action.

---

[1] Senate Bill No. 182 was enacted by the 45th Session of the Legislature of the State of Nevada of chapter 304, Statutes of Nevada 1951 (subsequently amended by chapter 280, Statutes of Nevada 1953 and chapter 248, Statutes of Nevada 1955). *Legislative Counsel's Preface to* Nevada Revised Statutes at 1(Nev. L. Libr. 2014-2020). Legislative Counsel's Preface to the Nevada Revised Statutes (state.nv.us).

      b.    <u>Lucio Fails to State a Claim Arising From the Creation of the Statute Revision Commission.</u>

Lucio asserts that the Commission is unconstitutional because three Nevada Supreme Court Justices were improperly delegated legislative powers. ECF 1-1 at 1-4. Including the case at bar, at least nine different actions regarding the constitutionality of the Commission have been filed in this District.[2]

The Supreme Court of Nevada recently addressed a similar issue. *State v. Taylor,* 472 P.3d 195 (Nev. 2020). In *Taylor*, the court held that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau – which succeeded the statute revision commission – codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id.* at 5. The Nevada Supreme Court further held that the district court did not err in denying Taylor's claim because she failed to show how the Commission "encroached upon the powers of another branch of government, violating the separation of powers." *Id. See Comm'n on Ethics v. Hardy*, 125, Nev. 285, 291-92, 212 P.3d 1098, 1103 (2009) ("The purpose of the separation of powers doctrine is to prevent one branch of government from encroaching on the powers of another branch.").

Lucio's claim is similarly deficient. He repeatedly asserts that the creation of the Commission was unconstitutional solely because the three Nevada State Supreme Court Justices were a part of this Commission. Lucio fails to show how the Commission unconstitutionally encroached upon another branch of government and violated the separation of powers doctrine. To properly state a claim Lucio must allege facts facially demonstrating how Justices Merrill, Badt, and Eather "violated the constitution by serving in a nonjudicial public office" and "improperly encroached" on the powers of another branch of government such that separation of powers was violated. *Taylor*, 472 P.3d 195 at 5. Given that there is a 71 year gap between the Commission's creation and Plaintiff's Petition, the Court finds Plaintiff will not be able to do so.

---

[2] *Anderson v. State of Nevada*, Case No. 2:22-cv-00734-GMN-VCF; *Willing v. State of Nevada*, Case No. 2:22-cv-00795-CDS-VCF; *Perez v. State of Nevada*, Case No. 2:22-cv-00796-GMN-DJA; *Willing v. State of Nevada*, Case No. 2:22-cv-00733-APG-DJA; *Jones v. State of Nevada*, Case No. 2:22-cv-00935-ART-NBW; *Jackson v. State of Nevada*, Case No. 2:22-cv-00976-MMD-EJY; *Wilson v. State of Nevada*, Case No. 2:22-cv-00978-CDS-DJA; and *Cardenas v. State of Nevada*, Case No. 2:22-cv-01055-GMN-VCF.

   c. <u>Lucio's IFP Application is Denied as Moot.</u>

Under 28 U.S.C. § 1915(a)(1), a plaintiff may bring a civil action "without prepayment of fees or security thereof" if the plaintiff submits a financial affidavit that demonstrates the plaintiff "is unable to pay such fees or give security therefor." If the plaintiff is a "prisoner" as defined by 28 U.S.C. § 1915(h), as amended by the Prison Litigation Reform Act ("PLRA"), he remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002). Under the PLRA, a prisoner seeking leave to proceed IFP must submit a "certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the six-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). Here, Lucio submitted all the necessary documentation to file an IFP. However, since the undersigned recommends dismissal of Lucio's Petition, his IFP application is moot.

**III. Order**

IT IS HEREBY ORDERED that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is DENIED as moot.

**IV. Recommendation**

IT IS HEREBY RECOMMENDED that Plaintiff's Petition to Challenge Senate Bill 182 (ECF No. 1-1) be dismissed with prejudice.

Dated this 14th day of July, 2022.

                _____
                ELAYNA J. YOUCHAH
                UNITED STATES MAGISTRATE JUDGE