UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSE L. LUCIO,<br><br>           Plaintiff,<br><br>v.<br><br>STATE OF NEVADA, et al.,<br><br>           Defendants. | Case No.: 2:22-cv-01088-CDS-EJY<br><br>**Order Adopting Report and Recommendation**<br><br>(ECF No. 3) |

Before the Court is the Report and Recommendation (R&R) of United States Magistrate Judge Elayna J. Youchah, issued on July 14, 2022, wherein she recommends that I dismiss with prejudice Plaintiff Lucio's Petition to Challenge Senate Bill 182 (ECF No. 1-1) and denies Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) as moot. *See generally* ECF No. 3.

The Local Rules provide that any party wishing to object to the magistrate judge's order on a pretrial matter must file and serve specific written objections, and the deadline to file and serve any objections to a magistrate judge's order is 14 days after service of the order. LR IB 3-1(a). The deadline for any party to object to the R&R was July 28, 2022. *Id.*; *see also* ECF No. 3 (minutes reflecting that the deadline to file objections to the R&R was July 28, 2022).

After no objections were filed by July 28, 2022, and after consideration of the R&R, I issued an Order adopting the R&R (ECF No. 5) which was docketed August 1, 2022. Also on August 1, 2022, after I had submitted the Order for docketing, I learned that Plaintiff Lucio, proceeding pro se, filed untimely objections (ECF No. 4). Because the Order adopting the R&R

was already submitted for docketing, I vacated the Order (ECF No. 5) after it posted so that I could consider Lucio's objections.

Having considered Lucio's objections and the R&R, I have determined I can resolve the pending objections without a hearing. For the reasons set forth herein, I overrule Lucio's objections and adopt the R&R in its entirety.

I.   **The Report and Recommendation**

I conducted a *de novo* review of the R&R pursuant to 28 U.S.C. § 636(b)(1)(C). The R&R finds that Lucio, who is currently serving time in the Nevada Department of Corrections, filed his Petition to Challenge Senate Bill No. 182, naming the State of Nevada as Defendant, alleging that "Senate Bill No. 182" created the Statute Revision Commission (the "Commission") in 1951, and that the creation of the Commission was unconstitutional. ECF No. 3 at 2 (citing ECF 1-1 at 1). His complaint alleges that several of his constitutional rights were violated by the Commission. *Id.* As relief, Lucio seeks (1) to vacate his sentence, (2) have Senate Bill No. 182 removed so that it has no more effect on anyone, (3) remove any work derived from SB 182, and (4) pay at the "prevailing wage for every hour" he worked during the fourteen-and-a-half years he has been incarcerated. *Id.* (citing ECF No. 1-1 at 10). Magistrate Judge Youchah recommends dismissal of the complaint, finding that Lucio cannot properly bring a challenge to the Senate Bill under 42 U.S.C. § 1983. *Id.* She notes that Lucio cannot challenge "the fact or duration of his confinement" in a § 1983 claim, *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005), and that in order for Lucio's sentence to be vacated, he must demonstrate that his conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal or called into question by a federal court's issuance of a writ of habeas corpus. ECF No. 3 at 2 (citing *Heck v. Humphrey*, 512 U.S. 477, 486-487 (1994). The R&R advises that Lucio must file a habeas corpus petition and a new IFP application. ECF No. 3. at 2.

The R&R also found that Lucio failed to state claim arising from the creation of the Statute Revision Commission ("the Commission"). *Id.* at 3-4. The R&R detailed the deficiencies in Lucio's claim against the Commission and in during so, discussed a recent Nevada Supreme Court case addressing a similar issue. *Id.* at 3 (citing *State v. Taylor*, 472 P.3d 195 (Nev. 2020)). The R&R also identifies eight additional actions filed in this District challenging the constitutionality of the Commission. *Id.* at 3, n.2. Each of those challenges were unsuccessful.[1]

## II. Lucio's Objections to the Report and Recommendation

Lucio's objections allege that the R&R is erroneous for not allowing the Attorney General to intervene, for misapprehending the nature of his challenge to Senate Bill 182, and for not having a hearing on four of the constitutional violations he set forth in his petition. *See generally* ECF No. 4. Specifically, Lucio contends that he is raising a facial attack of Senate Bill 182. *Id.* at 1, 2, 3-4. Lucio also raises unsupported allegations of misconduct of the Magistrate Judge, and generally of "federal judges or the state of Nevada." *Id.* at 2, 5

## III. Legal Standard for Reviewing a Report and Recommendations

When reviewing the order of a Magistrate Judge, the order should only be set aside if the order is clearly erroneous or contrary to law. Fed. R. Civ. P. 72(a); LR IB 3-1(a); 28 U.S.C. § 636(b)(1)(A); *Laxalt v. McClatchy*, 602 F. Supp. 214, 216 (D. Nev. 1985). A Magistrate Judge's order is "clearly erroneous" if the court has "a definite and firm conviction that a mistake has been committed." *See United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948); *Burdick v. Comm'r IRS*, 979 F.2d 1369, 1370 (9th Cir. 1992). "An order is contrary to law when it fails to apply or misapplies

---

[1] *Anderson v. State of Nevada*, Case No. 2:22-cv-00734-GMN-VCF; *Willing v. State of Nevada*, Case No. 2:22-cv-00795-CDS-VCF; *Perez v. State of Nevada*, Case No. 2:22-cv-00796-GMN-DJA; *Willing v. State of Nevada*, Case No. 2:22-cv-00733-APG-DJA; *Jones v. State of Nevada*, Case No. 2:22-cv-00935-ART-BNW; *Jackson v. State of Nevada*, Case No. 2:22-cv-00976-MMD-EJY; *Wilson v. State of Nevada*, Case No. 2:22-cv-00978-CDS-DJA; and *Cardenas v. State of Nevada*, Case No. 2:22-cv-01055-GMN-VCF.

relevant statutes, case law or rules of procedure." *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, 2014 WL 4635882, at *1 (D. Nev. Sept. 16, 2014).

## IV. Discussion

Courts must liberally construe documents filed by pro se litigants and afford them the benefit of any doubt. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Objections must be written and specific. *See, e.g.*, Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations" of the magistrate judge). Liberally construing Lucio's written objections, the Court does not find any applicable case law or other applicable authority specifically identifying how the R&R was clearly erroneous or contrary to the law.[2] As part of his objections he attaches copy of Senate Bill 182 (ECF No. 4 at 7), a copy of a recent Nevada Supreme Court decision reversing and remanding a lower court's decision dismissing a complaint for declaratory and injunctive relief (ECF No. 4 at 9-22), a 2016 printout of Articles III and VI of the Nevada Constitution (ECF No. 4 at 23), a single page print out of a minute order in case number 2:22-cv-0733-APG-DJA (ECF No. 4 at 24), and a printout about Nevada's Legislative Counsel Bureau (ECF No. 4 at 25). But Lucio's objections do not address *how* or *why* these documents support his objections, or contradict the findings set forth in the R&R. Instead, Lucio makes general, conclusory allegations that the Commission unconstitutionally encroached upon another branch of government and violated the separation of powers doctrine *See generally* ECF No. 4.

Lucio also makes conclusory allegations of judicial misconduct and alleges general misconduct against the State of Nevada. When a specific objection is made to a portion of a magistrate judge's report and recommendation, the Court subjects that portion of the report and recommendation to a de novo review. *See Kenniston v. McDonald*, 2019 WL 2579965, at *7 (S.D. Cal.

---

[2] The local rules provide that the failure of a moving party to file points and authorities in support of the motion constitutes a consent to the denial of the motion. LR 7-2.

4

June 24, 2019) (citing Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C)). To be 'specific,' the objection must, with particularity, identify the portions of the proposed findings, recommendations, or report to which it has an objection and the basis for the objection. *Id.* (citing *Mario v. P & C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002)). I liberally construe the misconduct allegations as a general objection to the R&R and thus find they are not subject to review because they lack specificity. Further, "vague accusations and convoluted demands don't satisfy complainant's obligation to provide objective evidence of misconduct." *See In re Complaint of Judicial Misconduct*, 584 F.3d 1230, 1231 (9th Cir. 2009). Accordingly, I disregard the unsupported allegations.

      Having conducted a *de novo* review of the record and R&R, I find that the Magistrate Judge correctly determined that Lucio failed to state a claim because his pleadings do not allege "facts facially demonstrating how Justices Merrill, Badt, and Eather 'violated the constitution by serving in a nonjudicial public office' and 'improperly encroached' on the powers of another branch of government such that separation of powers was violated." ECF No. 3 at 3 (quoting *Taylor*, 2020 WL 5652414, at *5). As set forth in the *Taylor* decision, I find that the Justices sitting on the Commission did not violate a constitutional provision because "the Legislative Counsel Bureau – which succeeded the statute revision commission – codifies and classifies" laws "in a logical order, but not itself exercising the legislative function." *Id.*

      Lucio's objections setting forth generally allegations of misconduct are also conclusory and do not establish that the actions of the Magistrate Judge were either clearly erroneous or contrary to the law. "[V]ague accusations and convoluted demands don't satisfy complainant's obligation to provide objective evidence of misconduct," so this claim must be dismissed. *In re Complaint of Judicial Misconduct*, 584 F.3d at 1231.

Thus for the reasons stated above, I find that the Magistrate Judge's R&R is not clearly erroneous or contrary to the law and overrule Lucio's objections (ECF No. 4).

### V. Conclusion

For the reasons set forth herein,

IT IS THEREFORE ORDERED that the Magistrate Judge's Report and Recommendation (ECF No. 3) is AFFIRMED and ADOPTED in its entirety.

IT IS FURTHER ORDERED that Plaintiff's application to proceed in forma pauperis (ECF No. 1) is DENIED as moot.

IT IS FURTHER ORDERED that Plaintiff's Petition to Challenge Senate Bill 182 (ECF No. 1-1) is DISMISSED WITH PREJUDICE.

The Clerk of Court is directed to close this case.

DATED this 9th day of August, 2022.

_____
Cristina D. Silva
United States District Judge